Mr. Justice ThacheR
delivered the opinion of the court.
The appellant purchased a tract of land of Torrey. He united in the conveyance, and therein covenanted that the land should remain bound for the purchase-money. The promissory ■note which thé appellant gave to Torrey to secure the payment *371 of the purchase, was by him assigned to Fultz, who files his bill to subject the land to the payment of the promissory note.
The decree of the vice-chancellor is objected to. It is as follows : “ That the commissioner shall sell the land to the highest bidder on a credit of six months, unless the money is paid in twenty days, taking from the purchaser a note with good security payable to Fultz, with interest at the rate of eight per cent, per annum from the date of the decree, if the land sell for the amount of the decree or any less sum; and if the land sell for more than the amount of the decree, said commissioner shall take a note for such surplus, payable to said appellant, — said notes, if not paid at maturity, to have the force and effect of judgments.” No sale has been had under that decree. The objection to the decree is, that the statute H. & H. 525, § 76, does not authorize the issuance of an execution upon a note given for the payment of purchase-money, but only upon a bond so given. To this objection, it must be said, that such sales are regulated by statute, and the duty of the commissioner pointed out, as claimed by the appellant. The mode established by the statute should be observed, to entitle a party to its benefits and privileges.
The decree must be reversed, and a decree made in this court in compliance with the rule of the statute in such cases.